FLETCHER, Judge.
S.B. (the mother) appeals an order terminating her parental rights to her minor son (the child). We affirm.
The mother gave birth to the child at Jackson Memorial Hospital on June 22, 1997. The Department of Children and Family Services (the Department) took custody of the child on June 23, 1997 after the mother left the hospital without her son. The mother was subsequently personally served with a petition for termination of parental rights. She appeared at an advisory hearing where an attorney was appointed to represent her. Thereafter, however, she failed to appear for referrals made by the Department to mental health experts and failed to appear for the final termination hearing at which she was represented by her court-appointed counsel.
At the final hearing, the trial court made the following findings:
1.That the mother left the hospital after giving birth to the child and has never made any attempts to see him or inquire as to his whereabouts or well being.
2. That the mother has never provided any financial support, shelter, clothing or medical care to the child since the date of his birth.
3. That the identity of the father remains unknown and the child has never known the prospective father named in the termination of parental rights proceedings.
4. That the mother’s whereabouts are presently unknown to the Department or to her attorney who represented to the court that he used his best efforts to locate her.
5. That the love, affection, and other emotional ties existing between the child and the mother are minimal at best, and termination of parental rights and duties will cause no harm to the child.
We agree with the lower court’s determination that the mother has abandoned the child and that the child’s best interests dictate termination of the mother’s parental rights in order that he may be adopted without further delay. See, e.g., In re Adoption of Baby E.A.W., 658 So.2d 961, 966-67 (Fla.1995), cert. denied, 516 U.S. 1051, 116 S.Ct. 719, 133 L.Ed.2d 672 (1996); Kingsley v. Kingsley, 623 So.2d 780, 786-87 (Fla. 5th DCA 1993), rev. denied, 634 So.2d 625 (Fla.1994).
Affirmed.